```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

United States of America,        :

      Plaintiff,             :

  v.                              :    Case No. 2:05-cr-0087(4)

Ronnie D. Gaston,                :    JUDGE SARGUS

      Defendant.             :

## DETENTION ORDER

    The above defendant appeared before the Court for a detention hearing on April 15, 2005.  The hearing was subsequently continued after some evidence was taken, and an additional hearing was held on May 2, 2005.  Following that hearing, the defendant was ordered detained pending trial.  This Order sets forth in writing the reasons for that decision.

    The defendant was indicted on several counts of trafficking in crack cocaine.  As a result of the indictment, there is a presumption, more fully explained below, that he is not entitled to release pending trial.  The United States attempted to augment this presumption by introducing evidence that the defendant was difficult to locate after the indictment was returned and that, in particular, frequent surveillance at his purported residence produced no sightings of the defendant.  The United States' request for detention is evaluated under the following standard.

  <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person

> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (21 U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through

2

the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The Pretrial Services Report contains the following pertinent information. The defendant is a lifelong resident of Columbus. He has three children living in Columbus, and his mother is also a Columbus resident and has offered to make her house available both as collateral for bond and as a place where the defendant can be electronically monitored. The defendant is a part owner of a tanning salon at which he has worked for three years. He also has other employment in his history. He is 27 years old.

On the negative side, the defendant has an adult criminal record going back to 1996, when he was 18 years old. He was arrested for trafficking in drugs in 1996 and pled guilty in 1997, receiving a two-year jail term. Later in 1996, he was again arrested for trafficking in drugs, and received a

concurrent sentence when convicted for that offense. While those cases were pending, he was arrested for disorderly conduct and forfeited his bond for failing to appear. He was also arrested for a misdemeanor drug offense, for assault, and for disorderly conduct. In 1997, he was arrested for possession of drugs, failed to appear at his arraignment, and ultimately pled guilty to a lesser included offense, receiving another one-year jail term consecutive to the jail term imposed in his other drug cases. He incurred no arrests between August of 1997 and September of 2000, presumably because he was in jail. On September 28, 2000, he was again arrested for drug abuse, and has been arrested on many occasions since that time. In a number of those cases, he failed to appear. Most of the arrests were for domestic violence.

In deciding whether the presumption of detention has been rebutted, the Court must take into account the nature of the offense, whether it involves narcotics, and defendant's past criminal history, including the types of charges he has been arrested for and his record of making court appearances. All of these factors are negative. In the Court's view, the few positive matters disclosed in the Pretrial Services Report did not overcome these negative factors, and the defendant was therefore detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this Detention Order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge